UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY           09 CV 6225
DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS      COMPLAINT
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA FUND and THE NEW YORK CITY
AND VICINITY CARPENTERS LABOR MANAGEMENT
CORPORATION, by MICHAEL J. FORDE, and KEVIN
O'CALLAGHAN, as TRUSTEES, AND MICHAEL J. FORDE
AS EXECUTIVE SECRETARY-TREASURER, DISTRICT
COUNCIL FOR NEW YORK CITY AND VICINITY, UNITED
BROTHERHOOD OF CARPENTERS AND JOINERS OF
AMERICA,



                                    Plaintiffs,

            -against-

METROPOLITAN ARCHITECTURAL WOODWORK LLC,

                                    Defendant.
-----------------------------------------------------------------------X

Plaintiffs, (hereinafter also referred to as "Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their Complaint allege as follows:

## NATURE OF THE CASE

1.  This is an action to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement ("Agreement") between The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and Metropolitan Architectural Woodwork LLC ("Employer").

## JURISDICTION

2. This Court has subject matter jurisdiction over this proceeding pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3. Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4. Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5. At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs Forde and O'Callaghan are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6. The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7. Upon information and belief Defendant, Metropolitan Architectural Woodwork LLC, is a foreign corporation incorporated under the laws of the State of New Jersey with a principal place of business located at 601 Lehigh Avenue, Union, New Jersey 07083.

8. Defendant is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9. Defendant was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective August 30, 2002. Said Agreement provides, inter alia, that Defendant shall make monetary contributions to the Benefit Funds on the behalf of covered employees, and for the submission of disputes to final, binding arbitration.

10. A dispute arose during the period of the Agreement between the parties when Defendant failed to comply with obligations under the Agreement to make contributions for employees in the bargaining unit.

11. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Roger E. Maher, the duly designated impartial arbitrator.

12. Thereafter, upon due notice to all parties, the Arbitrator duly held a hearing and rendered his Award, in writing, dated May 23, 2009 determining said dispute. Upon information and belief, a copy of the Award was delivered to Defendant (A copy of the Award is annexed hereto as Exhibit "A" and made part hereof).

13. The Arbitrator found that Defendant had failed to make contributions due to the Benefit Funds for the period March 13, 2005 through December 31, 2006, in the principal amount of $422,189.15.

14. The Arbitrator also found that Defendant was required to pay interest on the principal amount due at the rate of 5.25% per annum from the date of the Award.

15. Defendant has failed to abide by the Award.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

1. For an order confirming the Arbitration Award in all respects;

2. For entry of judgment in favor of the Plaintiffs and against Metropolitan Architectural Woodwork LLC in the principal amount of $422,189.15, plus 5.25% interest per year from the date of the Award to the date of entry of judgment;

3. For attorneys' fees and costs of this action;

4. For such other and further relief as this court may deem just and proper.

Dated: New York, New York
July 10, 2009

_____
ANDREW GRABOIS
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

4

# EXHIBIT A

# OFFICE OF THE IMPARTIAL ARBITRATOR

**ROGER E. MAHER**
IMPARTIAL ARBITRATOR



-----------------------------------------------------------------------x

**In the matter of the Arbitration between**

New York District Council of Carpenter Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, New York City District Council of Carpenters Charity Fund, The New York & Vicinity Carpenters Labor Management Cooperation Fund, by Michael J. Forde and Kevin O'Callaghan, as Trustees, and Michael J. Forde, as Executive Secretary-Treasurer, District Council for New York City and Vicinity, United Brotherhood Carpenters and Joiners of America,

**Petitioners,**

**OPINION AND AWARD
OF ARBITRATOR**

-against-

METROPOLITAN ARCHITECTURAL WOODWORK LLC,
**Respondent Employer.**

17415

-----------------------------------------------------------------------x

**APPEARANCES:**

For the Funds:      Gary Rothman ................ Attorney
                    Steve Kasarda ................ Attorney
                    Steven Levy ..................... Forensic Accountant

For the Employer:   Anthony Colasanti ..... Attorney

Pursuant to the provisions of the Collective Bargaining Agreement between this Respondent-Employer and the United Brotherhood of Carpenters and Joiners of America (UBCJA) effective 8/30/02, and the designation of the undersigned as Impartial Arbitrator to determine disputes concerning claims arising from payments due to the Benefit Funds described in said written contract, the undersigned Arbitrator was called upon to hear and determine a controversy involving claims by the Petitioners for sums of money allegedly due to said Benefit

1

Funds by the Respondent Employer for the audit period 3/13/05 through 12/31/06 in the amount of $227,379.68.

In accordance with the terms of the underlying written agreement, the Civil Practice Law and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated 11/5/08, the undersigned by Notice of Hearing dated 11/11/08 scheduled a hearing for 1/28/09 in order to determine the dispute between the parties.

The Arbitrator on April 14, 2009 issued an expedited arbitrator's award resolving the jurisdictional dispute between the Petitioners and Respondent wherein it was determined that the Respondent is obligated to arbitrate the alleged delinquent fringe benefit contributions for the for said time period.

On 4/17/09 an arbitration was commenced to determine whether or not the Respondent was delinquent in fringe benefit contributions for the audit period 3/13/2005 through 12/31/2006.

ISSUE:

"Whether the Respondent Employer, Metropolitan Architectural Woodwork LLC, is delinquent in its payment of fringe benefit contributions for the period 3/13/05 through 12/31/06 in the amount of $227,379.68, due the New York City District Council of Carpenters Benefit Funds (Funds) for covered work having been performed in the work area of the New York City District Council of Carpenters? And if so, what shall the remedy be?"

RELEVANT CONTRACT LANGUAGE

International Agreement, United Brotherhood of Carpenters and Joiners of America

2

## OPINION

The Arbitrator finds, the Respondent's claim that the company's International Agreement (IA) afforded it the opportunity to utilize two "key" employees in the thirteen New York City job sites that were audited for the subject period wherein these key employees had fringe benefit contributions paid to their home Local, is unavailing and a misapplication of the terms of the International Agreement.

The Arbitrator holds that the Respondent's International Agreement right to bring in two "key" traveling employees from its home area to perform covered work in any jurisdiction of the UBCJA, in this instance New York City, only avoids the necessity of securing work permits. It does not absolve the Respondent from complying with the contractual fringe benefit contribution rates established by the UBCJA affiliate, which in this instance is the New York City District Council of Carpenters wherein the audit established that the thirteen job sites covered by the subject audit period were within the work area location of the New York City District Council of Carpenters.

The Arbitrator finds the relevant language of the International Agreement for purposes of this instant dispute does not support the Respondent's claim that with regard to key employees and or other out of town carpenters it is not required to have fringe benefit contributions paid to the New York City District Council of Carpenters Benefit Funds for work with the NYC District Council's jurisdiction, as these employees' contributions were made to their Local Union. Rather the IA requires that the Respondent Employer must comply with the contractual fringe benefit contribution rates set forth in the NYC District Council of Carpenters CBA for all hours of work performed in their jurisdiction.

3

In practical terms this means that upon proof the Respondent Employer has made remittances for fringe benefit contributions on behalf of an out of town carpenter to his home area Local, the Respondent would then have to pay the difference between the fringe benefit contribution rates of the home area and the fringe benefit contribution rates for NYC District Council of Carpenters.

In sum when a Respondent can by virtue of the terms of IA utilize two "key" employees as well as other out of town carpenters within the geographic jurisdiction of the NYC District Council of Carpenters on a 50 50 basis, the benefit to the Employer of being able to utilize its employees within the NYC jurisdiction does not avoid the requirement of making fringe benefit contributions on behalf of these out of town carpenters for hours worked within the NYC jurisdiction to the NYC District Council of Carpenters fringe benefit funds at its contribution rates.

In closing the Arbitrator finds the testimony and audit of the Benefit Funds outside auditor is credible and persuasive to determine that the Respondent Employer is delinquent in fringe benefit contributions for the subject audit period. Accordingly the Arbitrator adopts the auditors findings and so awards.

## AWARD

On the substantial and credible evidence of the case as a whole the Arbitrator finds that Metropolitan Architectural Woodwork LLC, the Respondent Employer, is delinquent in fringe benefit contributions for the audit period 3/13/05 through 12/31/06, due the NYC District

Council of Carpenters Benefit Funds (Funds) for covered work having been performed in the work area of the New York City District Council of Carpenters as follows

| Principal | $227,379.68 |
| --- | --- |
| Total Interest and liquidated damages | $132,183.20 |
| Promotional Fund | $598.77 |
| Attorney Fees | $15,877.50 |
| Arbitration Costs | $6,800.00 |
| Court Cost | $350.00 |
| Audit Costs | $39,000.00 |
| Total Due | $422,189.15 |

Wherefore, the Trustees of the New York City District Council Carpenters Benefit Funds are awarded an aggregate amount of Four Hundred Twenty-two Thousand One Hundred Eighty-nine and 15/100 dollars ($422,189.15) which is to be paid forthwith by Metropolitan Architectural Woodwork LLC with interest to accrue at the rate of 5.25% from the date of this award.

Dated: Brooklyn, New York
May 23, 2009

ROGER E. MAHER, Arbitrator

**Service List:**
Gary Rothman, Esq.
O'Dwyer & Bernstien, LLP
52 Duane Street
New York, New York 10007

Steven Kasarda, Esq.
New York District Council Of Carpenters Benefit Fund
395 Hudson Street
New York, NY 10014

Kathleen Flannelly, Payment Plan Supervisor
New York District Council Of Carpenters Benefit Fund
395 Hudson Street
New York, NY 10014

Anthony Colasanti, Esq.
#4 York Avenue  2nd floor
West Caldwell,  New Jersey 07006

Darren Commander, CEO
Metropolitan Architectural Woodwork LLC
601 Lehigh Avenue
Union, New Jersey 07083

## AFFIRMATION

STATE OF NEW YORK  )
COUNTY OF KINGS  )

The undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with arbitration law of the State of New York.

*ROGER E. MAHER*